UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLEE A. CASTLE,

    Plaintiff,

v.                                                                    CASE NO. 15-11021

COMMISSIONER OF                              DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [20]; ADOPTING THE REPORT AND RECOMMENDATION [18]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the magistrate judge's report and recommendation. (Docket nos. 18, 20, 21.) Having conducted a *de novo* review of the parts of the magistrate judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections, adopts the magistrate judge's report and recommendation, denies Plaintiff's motion for summary judgment and grants Defendant Commissioner of Social Security's motion for summary judgment, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

Plaintiff protectively filed for Child Disability Insurance Benefits (CIB) on July 2, 2012, and protectively filed an application for Supplemental Security Income (SSI) on August 1, 2012, alleging a disability onset date of January 1, 2008, in each application. (Dkt. no. 11, Transcript 45, 98-101.) Plaintiff's SSI claim was initially denied on the basis of excess

resources. (Tr. 98-101). Her CIB claim was also initially denied on October 2, 2012. (Tr. 45-55, 56-59.) She requested a hearing before an administrative law judge (ALJ) and subsequently reapplied for SSI. (Tr. 108-13.) The hearing was held on September 10, 2013. (Tr. 11, 26.) Prior to the hearing, Plaintiff amended her alleged onset date of disability to December 14, 2010. (Tr. 11, 163.) In a decision dated November 15, 2013, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from July 2, 2012, through the date of the decision. (Tr. 11-21.)

On January 20, 2015, the appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-5.) Plaintiff filed with this Court on March 18, 2015. (Dkt. 1.) Plaintiff filed a motion for summary judgment on August 3, 2015. (Dkt. 14.) Defendant filed a motion for summary judgment on October 2, 2015. (Tr. 16.) The magistrate judge entered a report and recommendation on January 19, 2016, recommending denying Plaintiff's motion for summary judgment. (Dkt. no. 18.) Plaintiff filed objections to the report and recommendation on February 8, 2016, and Defendant filed its response to the objections on February 16, 2016. (Dkt. nos. 20, 21.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the magistrate judge's report and recommendation and the objections and response. The ALJ's findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (Report and Recommendation, dkt. no. 18.) The Court agrees with the magistrate judge.

**I.      Standard of Review**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).   Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility*. See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th

Cir. 1999).

As an initial matter, Defendant respectfully requests that the Court set forth the applicable sequential analysis for the case at bar. The magistrate judge's report and recommendation recites the three-step evaluation process necessary for the children's disability determination, yet the five-step sequential evaluation applies in the instant case where Plaintiff's CIB claim arises under 20 C.F.R. § 404.350(a)(5). *See* 20 C.F.R. § 404.1520(a)(2); *see also Beasich v. Comm'r of Soc. Sec.*, 66 Fed. Appx. 419, 427-28 (3d Cir. 2003) (applying five-step sequential inquiry to determine whether the plaintiff was disabled prior to his twenty-second birthday); *Ricci v. Apfel*, 159 F. Supp. 2d 12, 16 (E.D. Pa. 2001) ("An ALJ considering a claim for disability insurance benefits undertakes the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520."); 42 U.S.C. 402(d); 42 U.S.C. 423(d).

Plaintiff's Social Security disability determination is to be made through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> If the impairment does not meet or equal one of the listed impairments, a finding is made regarding the claimant's residual functional capacity (RFC) "based on all the relevant medical and other evidence" in the case record. It is this RFC which is used to make determinations at steps four and five.

> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*See* 20 C.F.R. §§ 404.1520; 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Despite recitation of the three-step disability analysis, the magistrate judge's analysis reflects application of the correct five-step evaluation process. (Dkt. 18, Report and Recommendation 3-4, citing ALJ's determinations at steps one through five of five-step sequential evaluation.)

## II.     Plaintiff's Objections

Plaintiff objects that the ALJ's residual functional capacity (RFC) is not supported by substantial evidence because it does not include restrictions related to interruptions in Plaintiff's workday or workweek, including the need to take extra breaks or extra time off task; Plaintiff argues that such limitations are supported by the opinions of treating psychiatrist C.A.N. Rao, M.D., and state agency psychological consultant Barbara Jones Smith, Ph. D. (Tr. 50-52; 518-20.)

> The ALJ's RFC limits Plaintiff to performing
>
> [A] full range of work at all exertional levels but with the following non-exertional limitations: She can perform simple, routine, and repetitive tasks with minimal changes in a routine work setting and no production rate pace work; and she can occasionally interact with supervisors, but she should have no more than minimal, superficial interaction with co-workers or the general public.

5

(Tr. 15.)

To the extent that Plaintiff relies on Dr. Rao's opinion that Plaintiff was markedly limited in her ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, the ALJ did not give controlling weight to Dr. Rao's opinion. (Tr. 18, 519.) The magistrate judge found that the ALJ gave good reasons for her decision to give little weight to Dr. Rao's July 2013 opinion, including the supportability and consistency of the opinion with Dr. Rao's records and other evidence of record. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c); (Report and Recommendation 5-7; Tr. 16-18).

Despite Plaintiff's objection that Dr. Smith's September 2012 opinion notes that Plaintiff is moderately limited in her ability to complete a normal workday and workweek, Dr. Smith's overall opinion was that Plaintiff retained the ability to "perform step one/two tasks on a sustained basis." (Tr. 52.) Dr. Smith opined that Plaintiff is "not significantly limited" in the "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," nor is she significantly limited in the "ability to carry out very short and simple instructions." (Tr. 50-51.) The RFC is supported by and consistent with the opinion of Dr. Smith, which the ALJ assigned significant weight.

It is worth noting that both Dr. Rao's and Dr. Smith's opinions show that as the complexity of the instructions and work increases, Plaintiff's limitations increase. Dr. Rao's opinion notes that Plaintiff was only moderately limited in the "ability to sustain an ordinary routine without special supervision," "maintain attention and concentration for extended periods," and "carry out very short and simple instructions." (Tr. 518-20.) Yet she was markedly limited in the ability to carry out detailed instructions. (Tr. 519.) Like Dr. Rao's

6

opinion, Dr. Smith's opinion indicates that Plaintiff is less limited in carrying out short, simple instructions and an ordinary routine, than in carrying out detailed instructions. (Tr. 50.) The ALJ's RFC limiting Plaintiff to "simple, routine, and repetitive tasks" with "minimal changes" in routine work and "no production rate pace work" is supported by substantial evidence in the record, including Dr. Smith's opinion. The ALJ's RFC was supported by substantial evidence and she properly explained the basis for the RFC.

Next, Plaintiff objects that the magistrate judge and the ALJ erred in noting that Plaintiff had improvement with treatment, arguing that this was simply an indication of an "ebb and flow of Plaintiff's symptoms." (Pl.'s Objections 5, dkt. 20.) Plaintiff argues that "the question should not be 'is there improvement' but 'is there improvement to a functioning level'". (Pl.'s Objections 4, dkt. 20.) In evaluating symptoms, the ALJ is tasked with, among other elements, considering evidence or information of "what may precipitate or aggravate . . . symptoms, what medications, treatments or other methods . . . [are] use[d] to alleviate them, and how the symptoms may affect [the] pattern of daily living." *See* 20 C.F.R. §§ 404.1529, 416.929. The Regulations provide that factors relevant to symptoms include "daily activities," precipitating and aggravating factors, and the "type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain *or other symptoms.*" *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (emphasis added). The ALJ did not err in finding that Plaintiff's symptoms were responsive to treatment, including medication, and pointing out evidence in the record that substantially supports this finding. A review of the record and the ALJ's decision shows that the ALJ did not simply cherry-pick evidence in support of her findings, but also noted areas of limitation. Plaintiff reported difficulty with crowds and dealing with customers, and the ALJ's RFC limits such contact

to "minimal" and "superficial." (Tr. 15-16.) Yet the ALJ also correctly pointed out that Plaintiff engages in multiple activities that involve some contact with the public, and visits with friends and family, including shopping, bowling, and visiting her boyfriend's family. (Tr. 17, 500, 501, 507.) Nor did the ALJ overstate Plaintiff's continued schooling, identifying it as "online courses" and noting the reasons that she had discontinued traditional schooling after tenth grade. (Tr. 16.)

Plaintiff argues that the magistrate judge and ALJ noted that she was getting along with her grandmother, yet failed to "note Plaintiff recently moved in with her grandmother because she got into a fight with her parents and was required to leave their home." (Pl.'s Objections 5.) The record contains Plaintiff's report that she was "getting along with her grandma," and the magistrate judge's notation of the same, yet contrary to Plaintiff's objection, the Court is unable to find the ALJ's citation to the same. In support of her decision, the ALJ relied on several other reports of Plaintiff's daily activities and social interactions, and the Court finds no error in the failure to omit Plaintiff's report that she was living with her grandmother and it was "going all right" or the report that she "got into an argument with [her] parents and moved to [her] grandma's." (Tr. 513.) The ALJ cited other evidence of stressful interactions within the family, including Plaintiff's mother's report that Plaintiff sometimes loses her temper when overwhelmed or stressed and that she has a difficult time being around a lot of people, even her own family. (Tr. 18-19.)

In support of her argument that the evidence merely shows an ebb and flow of symptoms, Plaintiff cites a March 6, 2013 treatment record, completed by staff person Tiffany Dawkins, allegedly reporting that Plaintiff was having trouble going out in public and had made little progress with treatment. (Pl.'s Objections 5 citing tr. 509.) While the

8

document reports that Plaintiff has made "a little progress," the notation regarding going into public does not appear at the cited page. Yet a "PCP Periodic Review" by Kris Wheeler, MSW, LMSA, signed on March 13, 2013, notes that Plaintiff "stated that she was having trouble going in public and being around people. Since entering services Kaylee feels more comfortable going in public and being around people. Kaylee often goes out shopping and socializes with friends in public." (Tr. 507.) Finally, Plaintiff objects that the record does not show improvement because Dr. Rao's March 2013 medication review record includes the notation that Plaintiff "mainly reports that she does have some problems controlling her mood at times" and he increased Plaintiff's medication. (Tr. 16, 513.) Yet the ALJ both considered and cited this treatment record, and noted that the later May 2013 treatment record showed an improved mood and the medications were continued from the April review without alteration. (Tr. 16.)

"The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(en banc)(citations omitted)). The ALJ properly considered the evidence of record, explained her decision, and the ALJ's decision was supported by substantial evidence in the record. The Court does not find error in the magistrate judge's report and recommendation.

### III.    Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. no. 20), ADOPTS the Magistrate Judge's Report and Recommendation (dkt. no. 18), DENIES Plaintiff's Motion for Summary Judgment (dkt. no. 14), GRANTS Defendant's Motion for

Summary Judgment (dkt. no. 16) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

      SO ORDERED.

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: March 18, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 18, 2016, by electronic and/or ordinary mail.

                                              s/Carol J. Bethel
                                              Case Manager